DECISION
Before the Court for decision is the Plaintiffs' Motion to Disqualify the firm of Adler, Pollock Sheehan, P.C. as attorneys for certain Defendants in this matter. The Motion was filed on or about March 10, 2003, approximately 10 months following the filing of the original complaint herein. Adler, Pollock Sheehan, P.C. (hereinafter referred to as APS) have represented in this litigation Defendant Toll RI, L.P. (hereinafter referred to as Toll) and Defendant Bristol Landing Condominium Association (hereinafter referred to as Bristol Landing) since the inception of the litigation and during all material times prior thereto with respect to the matters which as to these specific Defendants are alleged in the Complaint.
Essentially, Plaintiffs claim, through this Motion, that APS and its lawyers should be precluded from representing Toll and/or Bristol Landing because:
 (1) "At least one attorney from the firm of APS is expected to be a witness in these matters" during arguments on the motion. Apparently as the result of discovery, Plaintiffs now assert that not less than 22 lawyers from APS worked on the development of the Bristol Landing project and up to all of them may be called as witnesses by the Plaintiffs.
 (2) "Documents drafted and prepared by APS are in dispute in these matters."
 (3) "APS appears to have written the title insurance binders in this case and may have a financial liability for the outcome of this case."
 (See Plaintiffs' Motion to Disqualify, p. 2)
Plaintiffs' inter alia claim that a partner of APS, in the course of his representation of Toll and certain of its affiliated entities, publicly misstated material facts and privately lobbied public officials all in connection with the approval process and development incident to the Bristol Landing Condominium Project. Plaintiffs, a neighboring condominium association, certain of its members and the Weetamoe Conservation Commission inter alia further seek disqualification of APS on the grounds that it also represents the individual owners of the units which form the membership of Bristol Landing, and that such individual owners may have claims against Toll if all or some of Plaintiffs' averments were found true at trial.
Plaintiffs tell us that under the circumstances APS must be disqualified, not only as a result of a number of decisions by our state Supreme Court, but also pursuant to provisions of Rhode Island Supreme Court Rules with specific reference to Rules of Professional Conduct; Rule 1.6 Confidentiality of Information, Rule 1.7 Conflict of Interest: General Rule, Rule 1.9(a) Conflict of Interest: Former Client, Rule 1.10(a) Imputed Disqualification: General Rule, Rule 2.2 Intermediary and Rule 3.7 Lawyers as Witnesses.
Following full briefing of the issues raised by Plaintiffs and extensive oral arguments of the parties, this Court took the matter under consideration. The Court notes at the outset an increasing tendency by counsel to invoke a claim of a breach of Rules of Professional Conduct in connection with contentious matters. Oft times it appears to the Court that the rules are used as a sword to preclude a parties' choice of counsel in litigation so as to attempt to gain a perceived tactical advantage rather than as a shield against inappropriate conduct where such conduct might inure to the detriment of the moving party in the dispute as well as to public perception of the legal profession as a whole.
The Rules of Professional Conduct are, as we are told in the "scope" section, Rules of Reason. The framers of the rules seeming to recognize the potential for abuse of the rules in many varying ways have provided in the first instance that the rules should be self-policing. Simply put, counsel is directed and required to insure their own conformity to the provisions thereof. To the extent that there are transgressions, the provisions for disciplinary proceedings can lead to sanctions up to and including the loss of the privilege of practicing law. In addition, courts have on proper motion in adversary proceedings, from time to time, disqualified attorneys from representing parties in particular matters before the court. In order to obtain disqualification of counsel, a moving party carries a heavy burden and must satisfy a high standard of proof. See Essex Chemical Corp. v. Hartford AccidentInsurance Group, 993 F. Supp. 241 (D.N.J. 1998).[1]
With the foregoing firmly in mind, the Court now turns to the question as to have Plaintiffs carried their burden and have they presented a high standard of proof so as to show a violation by APS of any of the enumerated grounds set forth in Plaintiffs' Motion.
Plaintiffs rely on a number of earlier Rhode Island Supreme Court cases as grounds for the demanded disqualification. As to those cases, it is sufficient to note that all predated the adoption by our Supreme Court of the Rules of Professional Conduct. Accordingly, the Court will focus its analysis on Plaintiffs' claims with respect to the specific rules cited by Plaintiffs.
Plaintiffs refer to Rule 1.6 dealing with confidentiality of information apparently in connection with their professed intention to call Attorney Stolzman, and perhaps other APS attorneys, as witnesses during trial. Of necessity, the Court must juxtapose Rule 3.7 with reference to subparagraph (b) which, except as there limited, permits attorneys in a firm to represent parties in litigation even if another attorney in that firm is likely to be called as a witness unless precluded by Rule 1.9, not here applicable, or by Rule 1.7. Plaintiffs seem to suggest that Attorney Stolzman, and maybe the firm itself, have a disqualifying interest in the case by reason of either (1) their issuance of title binders (an unrefuted affidavit indicates otherwise) or (2) claims which their clients may have against them or perhaps claims which might be asserted by Plaintiffs against the firm essentially on the same grounds as Plaintiffs complain against Toll and/or Bristol Landing in the complaint. The Court is satisfied that Plaintiffs have failed to satisfy, at this point, the especially high burden imposed on a party who after suggesting that it will call as a witness counsel for an opposing party thereafter seeks disqualification of that counsel on those grounds. In the case at bar, Plaintiffs have failed to affirmatively demonstrate disqualification factors to any standard much less the heightened burden imposed upon them as referred to supra.
There has been no showing of confidential information. There has been no showing of any cause of action against APS or indeed as against Attorney Stolzman. There has been no demonstration that APS represents any unit owner of the Bristol Landing Condominium. There has been no showing that any of the adverse parties to APS clients herein are former clients of that firm.
This Court holds that at this time Plaintiffs have totally failed to satisfy their burden and their Motion accordingly should be denied.
An order consistent herewith shall be presented by prevailing counsel.
[1] Applying New Jersey's Rules of Professional Conduct which are substantially similar to the Rules of Professional Conduct as adopted in Rhode Island.